IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01164-GPG

NOBLE KING PEACE SANTI DREW ALI,

    Petitioner,

v.

JUSTIN SMITH, and
CAPT. TIMOTHY PALMER,

    Respondents.

ORDER DIRECTING PETITIONER TO FILE AMENDED PLEADING

    Petitioner, Noble King Peace Santi Drew Ali, is an inmate at the Larimer County Jail in Fort Collins, Colorado.  Petitioner has filed *pro se* a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1).  The court must construe the petition liberally because Petitioner is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Petitioner will be ordered to file an amended pleading if he wishes to pursue any claims in this action.

    The petition is deficient for several reasons.  First, Petitioner has not used the proper pleading form.  Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."

The petition also is deficient because Petitioner has named at least one improper Respondent. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Petitioner alleges that he currently is incarcerated at the Larimer County Jail. Therefore, the proper Respondent is his custodian at that facility.

Finally, the petition is deficient because Petitioner fails to provide a clear statement of his claims that demonstrates his federal constitutional rights have been violated. Although the court must construe the petition liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Petitioner must provide specific factual allegations in support of the federal constitutional claims he is asserting. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should

not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Petitioner file an amended pleading on the proper form that clarifies the federal constitutional claims he is asserting.  It is

FURTHER ORDERED that Petitioner shall obtain the appropriate, court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Petitioner fails within the time allowed to file an amended pleading that complies with this order, the action will be dismissed without further notice.

DATED June 4, 2015, at Denver, Colorado.

                                          BY THE COURT:

                                          S/ Gordon P. Gallagher

                                          United States Magistrate Judge